# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOMINIC BRIAN LeBLUE,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>CATES, et al.,<br><br>　　　　　Defendants. | 1:21-cv-01430-GSA-PC<br><br>**ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED AS BARRED BY HECK V. HUMPHREY, 512 U.S. 477 (1994) AND EDWARDS v. BALISOK, 520 U.S. 641 (1997).**<br><br>**(ECF No. 1.)**<br><br>**30 DAY DEADLINE** |

　　　　Plaintiff, Dominic Brian LeBlue, is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on September 27, 2021. (ECF No. 1.)

　　　　Plaintiff complains that under the Coleman[1] and Plata[2] cases, he is entitled to a reduction in his sentence and qualifies for release.

　　　　When a prisoner challenges the legality or duration of his custody, or raises a constitutional challenge which could entitle him to an earlier release, his sole federal remedy is a writ of habeas corpus. Preiser v. Rodriguez, 411 U.S. 475 (1973); Young v. Kenny, 907 F.2d

---

[1] Coleman v. Brown, 2:90-cv-0520 LKK DAD PC. (ECF No. 1 at 9.)

[2] Plata v. Brown, C01-1351 THE. (ECF No. 1 at 9.)

874 (9th Cir. 1990), *cert. denied* 11 S.Ct. 1090 (1991).  Moreover, when seeking damages for an allegedly unconstitutional conviction or imprisonment, "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." Heck v. Humphrey, 512 U.S. 477, 487-88 (1994).  "A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." Id. at 488.  This "favorable termination" requirement has been extended to actions under § 1983 that, if successful, would imply the invalidity of prison administrative decisions which result in a forfeiture of good-time credits.  Edwards v. Balisok, 520 U.S. 641, 643–647 (1997).

The Complaint does not contain any allegations to show that Plaintiff's finding of guilt has been reversed, expunged, declared invalid, or called into question by a writ of habeas corpus.

Accordingly, it is HEREBY ORDERED that within **thirty (30) days** from the date of service of this order, Plaintiff shall show cause in writing why this action should not be dismissed as barred by Heck v. Humphrey, 512 U.S. 477 (1994) and Edwards v. Balisok, 520 U.S. 641, 643–647 (1997).  **Failure to respond to this order will result in dismissal of this action, without prejudice.**

IT IS SO ORDERED.

   Dated:   **December 1, 2021**                    **/s/ Gary S. Austin**
                                                                                  UNITED STATES MAGISTRATE JUDGE